FERGUSON and others *v.* DENT and others.

*(Circuit Court, W. D. Tennessee.  March 21, 1883.)*

1. EQUITY PRACTICE—INFANT DEFENDANTS—COSTS—RECEIVER.
   Where a bill is filed to avoid deeds for fraud, and the property is placed in the hands of a receiver, the current expenses of minor defendants for costs of litigation will not be paid out of funds in the hands of the receiver.

2. SAME—GUARDIAN AD LITEM—DEFENDING IN FORMA PAUPERIS—INDIGENT MINORS.
   Although it is the settled practice in Tennessee that infants can neither sue nor defend *in forma pauperis*, such is not the rule of the federal courts of equity, in which they may so sue or defend.

In Equity.

*T. B. Edgington,* for plaintiffs.

*George Dent* and *C. W. Frayser,* for defendants.

HAMMOND, J.  This bill seeks to avoid certain conveyances from the ancestor of the plaintiffs to the ancestor of the defendants, for alleged fraud in their procurement.  A receiver has been appointed, and the property is now in his possession.  The defendants are taking proof before an examiner of this court.  Application was made to require the examiner to await the final result for the payment of his fees, which was refused unless the defendants would take the oath prescribed for indigent suitors applying to sue without costs.  This was declined, whereupon application was made to pay the examiner's fees out of funds in the hands of the receiver, which was likewise refused.  But it being stated that three of the defendants are minors, represented by their guardian *ad litem,* the application was reserved as to them.

The guardian *ad litem* is one of the adult defendants, a brother of the minors, and a lawyer of this court, making these applications, while the other adult defendant is their mother.  There is nothing definitely shown as to the actual circumstances of these defendants, though the defendant making this application offers to produce affidavits of want of means to pay the expenses of taking the proof,—whether

because it is inconvenient to spare the money from other uses, or for want of resources of property, does not appear. Counsel for the plaintiffs states in his brief that the proof already taken in this cause tends to show that defendant who is the mother of the others is a person of abundant means, considered in relation to this application. The refusal to take the pauper's oath by either of the adult defendants must be taken as conclusive, so far as their own circumstances are concerned. While it does not appear what interest these minors have in any of the property specified in the brief as belonging to the mother, counsel for plaintiffs states that they, or some of them, "are now in Virginia, at college," and the appointment of their brother by the chancery court of the state from which this cause was removed, as guardian *ad litem*, assumes that he is a person of substance sufficient to undertake their defense at his own cost, which is generally the undertaking of a next friend or guardian *ad litem*, though he has, where there is property of the minor, a right to expect that the regular guardian, or the court of ordinary or chancery having control of the person and property of the minor, shall reimburse him, or furnish him the means to conduct necessary litigation. A court of chancery, exercising a plenary jurisdiction over these subjects, would find a way to compel the appropriation of sufficient means for this purpose, perhaps; but it is plain this court has no such plenary jurisdiction over the property of these minors, if any they have. It would have power to remove a guardian *ad litem*, or next friend, who was unable or unwilling to protect the minors by paying for them their costs of litigation, and to appoint some person of substance, who would discharge these ordinary duties of that relation; and, failing this, it might suspend further proceedings against the minors until it could send a next friend or guardian *ad litem* to the state courts having jurisdiction of their person and property, to secure such guardianship as would protect them. But, whatever can be done in that direction, it is plain that, no matter what their condition may be, there is no more power in this court adjudicating strictly according to the right and justice of the matter, to pay the expenses of the litigation in behalf of these minors out of the funds in the hands of the receiver, than there would be to pay their school expenses, or their ordinary expenses for support.

If the allegations of the bill be true, the property in dispute belongs to the plaintiffs, and should not be burdened with the support of the defendants, either to pay their costs of defense or any other of their necessary expenses. Possibly, if both plaintiff and defendant were

really indigent, and the property in dispute were all that either owned, and it appeared to belong to either the one or the other, the court might require the receiver to pay the absolutely-necessary costs of court of both sides, though I do not know that this could be allowed. But such a state of facts does not appear in this case, and possibly the property in dispute here may belong to an assignee in bankruptcy, and to neither of the active parties to this suit. The defendants, it is true, were in possession and are entitled to all the benefits that situation would give them; but the court has already, by appointing a receiver, determined that the defendants were not, in this case, entitled to enjoy the fruits of possession during the pendency of this suit.

This is as far, perhaps, as I need go in deciding the precise application made to pay the costs of taking defendant's proof out of the funds in the receiver's hands. It is apparent that if this be done in behalf of the minors it will result in benefit to the adults as well, while if what the plaintiffs say about their circumstances be true, their refusal or inability to take the pauper's oath compels them out of their sufficient substance to defend this suit at their own expense, and there is nothing wrong or unjust in allowing the minors to reap the benefit of this compulsion.

By nature and by law, these adults owe this duty to the minors under the circumstances of this case. It is possibly true, as urged by counsel for the plaintiffs, that, until the minor defendants appear to be indigent persons by their own oath or that of some one in their behalf, the question of their right to sue or defend as such does not arise. But it is the duty of the court at all times to watch over the interests of minors, defendants or plaintiffs, and the court is itself the guardian of their rights.

The plaintiffs deny that the minors, if indigent, can defend as paupers by guardian *ad litem*, but I have reached a different conclusion. If, therefore, these minors have been rendered really indigent by what would be a desertion of their defense by their mother or brother and guardian *ad litem*,—if these be able to pay costs and expenses as alleged,—or by a deprivation of the possession of the property in dispute in this case, they should be let in to defend *in forma pauperis*, unless they be dispauperized by a showing to the contrary.

The common law, unlike the civil law, while allowing poor persons to sue *in forma pauperis*, did not permit them to defend in that form. 1 Tidd, Pr. (3d Am. Ed.) 97, 98. And infant defendants were liable for costs, while the insolvency of a next friend did not throw the burden

of costs on an infant plaintiff. Id. 99, 100. Courts of equity, however, like the civil law, made no distinction between plaintiffs and defendants in this respect, nor any between adults and infants. 1 Daniell, Ch. Pr. (5th Ed.) 37–44, 74–75, 154–156.

In Tennessee practice it has long been settled that, under the statutes of this state, a minor can neither sue by his next friend, nor by his guardian *ad litem* defend *in forma pauperis*. 3 Meigs, Dig. (2d Ed.) 2099; *Cargle* v. *Railroad Co.* 7 Lea, 717; *Sharer* v. *Gill*, 6 Lea, 495; *Musgrove* v. *Lusk*, 5 Bax. 684; *Green* v. *Harrison*, 3 Sneed, 130; *McCoy* v. *Broderick*, Id. 201; *Cohen* v. *Shyer*, 1 Tenn. Ch. 192. But we have already determined in this court that even in practice at law we are not to be governed in this matter by the state statutes, and more certainly we are not so governed in practice in equity. The rule is the same in admiralty, both these courts following the more liberal rule of the civil law. *Bradford* v. *Bradford*, 2 Flippin, 280, and note.

The result is that the application to pay the costs of the minor defendants out of the funds in the hands of the receiver is denied; but they may have leave, if really indigent, to defend *in forma pauperis*, upon a proper application in that behalf.

So ordered.

---

ADMIRALTY—POOR PERSONS SUING IN—JURATORY CAUTION. See note, collecting authorities and showing forms of proceeding for indigent suitors in admiralty in the case of *The Ouachita Belle*, 2 Flippin, 282, *in notis.*